UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN HUGHES, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:06-CV-1441 MLM |
| UNKNOWN ROBINSON, et al., | ) |
| Defendants. | ) |

## **ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Shawn Hughes for leave to commence this action without payment of the required filing fee. See U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court will grant plaintiff provisional leave to file this action.

### **The Complaint**

Plaintiff, a prisoner currently confined at the Forsyth County Jail in Winston-Salem, North Carolina, seeks monetary relief pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise out of his confinement at the Forsyth County Jail and the North Carolina Central Prison in the State of North Carolina. Named as defendants are Unknown Robinson (Forsyth County Jail employee); Marvin L. Polk (North Carolina Central Prison Warden); James King (Central Prison employee); Unknown Schatzman (Forsyth County sheriff); Davida Martin (Forsyth County attorney); Unknown Hinson (Forsyth County jail deputy); Unknown Gray (Winston-Salem police officer); D.H. Griffith (Forsyth County deputy sheriff); Wayne James; Unknown Henderson; and Unknown Yale ("Captain"). Plaintiff's allegations concern the alleged violation of his constitutional rights.

## Discussion

Pursuant to 28 U.S.C. § 1391(b), venue for this action is proper where (i) any defendant resides, if all the defendants reside in the same state; (ii) a substantial part of the events or omissions giving rise to the claim occurred; or (iii) where any defendant may be found, if there is no district in which the action may otherwise be brought. It appears that all of the events described in the complaint occurred in North Carolina, and that almost all of the events took place in Forsyth County, which is located in the Middle District of North Carolina. See 28 U.S.C. § 113(b). Moreover, liberally construing the complaint, it appears that all of the defendants can be found in North Carolina, and that at least six of the defendants can be found in the Middle District of North Carolina. Therefore, venue is not proper in the Eastern District of Missouri.

Pursuant to 28 U.S.C. § 1406(a), the District Court in which is filed a case laying venue in the wrong district may dismiss the case or, in the exercise of its discretion and in the interest of justice, transfer the petition to any District Court in which such action could have been brought. In cases involving a plaintiff who is proceeding pro se and in forma pauperis, especially a prisoner, the usual practice is to transfer the case to the proper district. Therefore, this complaint shall be transferred to the United States District Court for the Middle District of North Carolina.

Because venue is not proper in the Eastern District of Missouri, no determination has been made as to whether the complaint is frivolous and/or fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(A)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff is **PROVISIONALLY GRANTED** leave to proceed in forma pauperis, subject to modification by the United States District Court for the

Middle District of North Carolina upon transfer, and that the Clerk of Court shall receive and file the complaint in this action without payment of the required filing fee.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the complaint, because this action will be transferred to the Middle District of North Carolina.

An appropriate order shall accompany this order and memorandum.

Dated this  3rd day of November, 2006.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE